IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHARLES R. RIEGEL and
DONNA S. RIEGEL,

           Plaintiffs,

-against-

MEDTRONIC, INC.

           Defendant.

**COMPLAINT**
Civil Action No._____

99-CV-0649

LEK RWS



Plaintiffs, by their attorney, Wayne P. Smith, as and for their Complaint allege:

1. That at all time relevant, Plaintiffs were and still are residents of Lily Dale, in the State of New York.

2. That at all time relevant, the Defendant, Medtronic, Inc., now and at all times herein mentioned, upon information and belief, was and still is a corporation organized under the laws of the State of Minnesota with its principle office in Minneapolis, State of Minnesota and is authorized and does do business in the State of New York and that said Defendant's contact or activity in the State of New York is sufficient to support a personal judgment against it.

3. That by reason of the foregoing, this Court has jurisdiction of the within proceeding pursuant to 28 U.S.C. Section 1332 and F.R.C.P. Section 8(a)(1) in that this is an action of a civil nature involving, exclusive of

interest and costs, a sum in excess of SEVENTY-FIVE THOUSAND ($75,000) DOLLARS, and every issue of law and fact herein is wholly between the citizens of different states.

## FOR A FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION

4. Plaintiffs repeat and reallege paragraphs 1 - 3.

5. Upon information and belief, Defendant Medtronic, Inc., designed, manufactured, produced, licensed, sold, distributed, and marketed a certain Evergreen Balloon Catheter, hereinafter the "Evergreen".

6. During all times relevant, Defendant Medtronic, Inc. was in the business of, among other things, designing, manufacturing, producing, licensing, selling, distributing, and marketing for consumer use certain balloon catheters such as the "Evergreen".

7. Defendant knew, or should have known, that the product was defective, dangerous, harmful and capable of causing harm, severe injuries, and possible death to human beings.

8. Upon information and belief, St. Peter's Hospital purchased certain "Evergreen Catheters" from Medtronic, for use in the County of Albany, State of New York.

9. On or about May 10, 1996, Plaintiff, Charles R. Riegel, underwent an angioplasty procedure using the "Evergreen Catheter" at St. Peter's Hospital, consistent with its intended and foreseeable purpose and/or use.

10. That several inflations (5) to a maximum of 10 atmospheres was performed.

11. With the final inflation, the Medtronic Evergreen balloon ruptured.

12. At the time of rupture, the health of Charles R. Riegel rapidly deteriorated.

13. By reason of the defective product, Plaintiff, Charles R. Riegel, sustained severe and permanent personal injuries and disabilities.

14. Upon information and belief, Plaintiff, Charles R. Riegel, will remain permanently injured and disabled.

15. Plaintiff, Charles R. Riegel, has suffered and will continue to suffer effects from his injuries and continually suffers from bodily pain and severe mental anguish.

16. By reason of the foregoing, Plaintiff, Charles R. Riegel's future well-being, happiness, social, professional life, earning capacity, and ability to pursue normal activities have been adversely affected and will remain permanently impaired.

17. Plaintiff, Charles R. Riegel, has and will continue to be required to expend substantial sums of money for appropriate medical care and treatment.

18. Defendant, Medtronic, Inc., its agents, servants and/or employees, was negligent in the design, testing, inspection, manufacture, distribution,

labeling, marketing, and sale of the certain "Evergreen Catheter".

19. Defendant, Medtronic, Inc., was reckless and negligent in failing to remove the certain "Evergreen Catheter" from the market or to recall same and remedy its defective condition after having, upon information and belief, notice of its dangerous and harmful condition when used for its intended foreseeable purposes.

20. By reason of the following, Plaintiff, Charles R. Riegel, demands a **JURY TRIAL** and a judgment against the Defendant in the sum of TWO MILLION ($2,000,000) DOLLARS.

### FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION

21. Plaintiff repeats and realleges paragraphs 1 - 20.

22. Upon information and belief, prior to Plaintiff's use of the "Evergreen Catheter", defendant, Medtronic, Inc., in order to promote and induce the purchase of its products, expressly warranted to the general public and to the Plaintiff, Charles R. Riegel, through the inter-net, by advertisement, literature, and other means, that consumers could safely use the product for the purpose of angioplasty procedures, which was in fact the purpose for which the product was intended.

23. Plaintiff, Charles R. Riegel, relied upon the skill, knowledge, judgment,

4

representations, and warranties of Defendant when the certain "Evergreen Catheter" used on him during a angioplasty procedure.

24. The certain "Evergreen catheter" was unsafe, dangerous, defective, and not of merchantable quality.

25. Plaintiff, Charles R. Riegel's injuries were proximately caused by the breach of express warranties of defendant.

26. By reason of the following, Plaintiff, Charles R. Riegel, demands a **JURY TRIAL** and a judgment against the Defendant in the sum of TWO MILLION ($2,000,000) DOLLARS.

### FOR A THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION

27. Plaintiff repeats and realleges paragraphs 1 - 26.

28. The defendant, Medtronic, Inc., impliedly represented that the certain "Evergreen Catheter" was safe, of merchantable quality, and fit for the ordinary purposes for which the certain "Evergreen Catheter" was intended to be used.

29. The Plaintiff relied upon the skill, knowledge, judgment, representations, and warranties of defendant.

30. The representations and warranties were false, misleading, and inaccurate in that the certain "Evergreen Catheter" was in fact unsound and unsuitable

5

for the purposes for which the same was intended.

31. The certain "Evergreen Catheter" was unsafe, dangerous, defective, and not of merchantable quality.

32. The Defendant breached the aforesaid implied warranties.

33. Plaintiff Charles R. Riegel's injuries were proximately caused by the breach of implied warranties by Defendant.

34. By reason of the following, Plaintiff, Charles R. Riegel, demands a **JURY TRIAL** and a judgment against the Defendant in the sum of TWO MILLION ($2,000,000) DOLLARS.

## FOR A FOURTH, SEPARATE AND DISTINCT
## CAUSE OF ACTION

35. Repeats and realleges paragraphs 1 - 34.

36. Defendant, Medtronic, Inc., is engaged in the business of selling certain medical supplies and equipment including, but not limited to, a certain "Evergreen Catheter"

37. Upon information and belief, the certain "Evergreen Catheter" was expected to and did reach consumers, including St. Peter's Hospital, Plaintiff's place of the angioplasty procedure, for use on the Plaintiff, among other, without substantial change in the condition in which it was sold be defendant.

6

38. The certain "Evergreen Catheter" utilized on Plaintiff was in a defective condition which was dangerous to users an/or consumers, and in particular to Plaintiff.

    The certain "Evergreen Catheter" failed to perform in accordance with its intended purpose because of its defective condition.

39. The defective condition caused injuries to Plaintiff.

40. At the time of the occurrence herein, the product was being used for the purpose and in the manner normally intended.

41. Plaintiff, Charles R. Riegel, could not by the exercise of reasonable care have discovered the defect and perceived its dangers.

42. Defendant sold the certain "Evergreen Catheter" in a defective condition unreasonably dangerous to Plaintiff for which Defendant should be held strictly liable.

43. As a proximate result of Defendant's sale of the defective certain "evergreen Catheter", Plaintiff Charles R. Riegel sustained severe personal injuries.

44. By reason of the following, Plaintiff, Charles R. Riegel, demands a **JURY TRIAL** and a judgment against the Defendant in the sum of TWO MILLION ($2,000,000) DOLLARS.

## FOR A FIFTH, SEPARATE AND DISTINCT
## CAUSE OF ACTION

45. Plaintiffs repeat and reallege paragraphs 1 - 45.

46. Plaintiff, Donna S. Riegel, is and had been at all times relevant hereto, the lawful wife of Plaintiff Charles R. Riegel.

47. As a result of the negligence of the Defendant herein, Donna S. Riegel has been deprived of the comfort, society and services of Plaintiff Charles R. Riegel.

48. By reason of the following, Plaintiff, Donna S. Riegel, demands a **JURY TRIAL** and a judgment against the Defendant in the sum of TWO HUNDRED FIFTY THOUSAND ($250,000) DOLLARS

WHEREFORE, Plaintiffs demand a **JURY TRIAL** and judgment against Defendant in the manner and form recited as to the First Cause of Action in the sum of TWO MILLION ($2,000,000) DOLLARS, on the Second Cause of Action in the sum of TWO MILLION ($2,000,000) DOLLARS, on the Third Cause of Action in the sum of TWO MILLION ($2,000,000) DOLLARS, on the Fourth Cause of Action in the sum of TWO MILLION ($2,000,000) DOLLARS, on the Fifth Cause of Action in the sum of TWO HUNDRED FIFTY THOUSAND ($250,000) DOLLARS, together with interest, the costs and disbursements of this action, ads such other and further relief as this Court may deem just and proper.

Dated: April 7, 1999
      Schenectady, New York

Wayne P. Smith
Bar Roll #102-631
Attorney for Plaintiffs
157 Barrett Street
Schenectady, New York 12305
(518) 393-1371

D:\DOCS\Riegel\federal.cpm.wpd